UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARQUE MOTOR COACH, LLC, <br><br> Plaintiff, <br> v. <br><br> STATE OF NEVADA DEPARTMENT OF TAXATION, et al., <br><br> Defendants. | Case No. 2:18-cv-00522-GMN-PAL <br><br> ORDER |

The court conducted a hearing on an Order to Show Cause (ECF No. 19) on August 14, 2018. The order to show cause required the parties to show cause, in writing, why a temporary stay of discovery should not be imposed pending a decision of defendants' motion to dismiss. The order to show cause was entered when a review of the docket reflected that the parties had not submitted a proposed stipulated discovery plan and scheduling order as required by LR 26-1.

This is an action challenging a 2015 Nevada State Assembly Bill 175 codified at NRS 372b, "otherwise referred to as the Passenger Excise Tax" which imposes an excise tax of 3% "of the total fare charge for transportation" on common motor carriers of transportation. Complaint (ECF No. 1) ¶ 7. Plaintiff seeks a declaratory judgment that the excise tax violates the United States Constitution and federal law, and an injunction to prevent defendants from enforcing the excise tax. On April 30, 2018, defendants filed a Motion to Dismiss (ECF No. 12) which argues that this court lacks subject matter jurisdiction based on the Tax Injunction Act ("TIA") 28 U.S.C. § 1341. Plaintiff's response argues that the TIA does not apply because the "connection fee" at issue in the complaint is not a tax as a matter of law. If the court is unable to decide the jurisdictional issue as a matter of law, at a minimum, the court should allow plaintiff to conduct jurisdictional discovery. Defendants filed a reply to the motion to dismiss arguing that the complaint repeatedly refers to the challenged assessment as a "tax" and "excise tax" pointing out

1

that plaintiff seeks an injunction stopping collection of the tax. Therefore, the case must be dismissed under the plain provisions of the TIA.

The Order to Show Cause (ECF No. 19) acknowledged that a pending motion to dismiss is not ordinarily good cause to stay discovery awaiting a decision. However, motions raising jurisdiction, venue, and immunity are the exceptions to the general rule. The complaint does indeed repeatedly refer to the challenged state statute as a tax or excise tax. At the time the order to show cause was entered, the parties had not submitted a proposed discovery plan and scheduling order as required by LR 26-1. The court took a "preliminary peek" at the motion to dismiss, response, and reply, and found that the motion raised a significant issue regarding this court's subject matter jurisdiction. As a result, the order to show case was issued requiring the parties to show cause in writing why a temporary stay of discovery should not be imposed pending decision of defendant's motion to dismiss.

Plaintiff filed a response to the order to show cause which stated that, because the parties submitted a proposed Discovery Plan and Scheduling Order (ECF No. 20) on August 1, 2018 which the court approved in an Order (ECF No. 21) entered August 2, 2018, plaintiff regarded the matter to be moot. The response stated that "plaintiff respectfully asserts that Defendants Motion to Dismiss was without merit, and therefore discovery should proceed accordingly." Defendants did not respond to the order to show cause because defendants agree that a temporary stay of discovery while the district judge decides the court's subject matter jurisdiction is appropriate.

Having reviewed and considered the arguments of counsel at the hearing, the motion to dismiss, response, and reply, the court finds that the motion raises a serious question of this court's subject matter jurisdiction. The motion to dismiss also raises significant questions regarding federalism and the State of Nevada's collection of what plaintiff's repeatedly refer to in the complaint as an excise tax. Plaintiff's response to defendants' motion to dismiss characterizes that the assessment, levy, or collection at issue in the complaint as a collection fee, and argues inter alia that it is not a tax within the meaning of the TIA. Plaintiff also argues that the analysis of whether something qualifies as a tax under the TIA is a fact-sensitive inquiry which is determined as a matter of federal law. Plaintiff contends that even if defendant shows that the connection fee

is a tax, Counts II and III of plaintiff's complaint requests the court to ensure that defendants' understanding of the phrases "connect a passenger," "connection," and "dispatch or other means" are consistent with federal law, specifically the TIA. Plaintiff therefore argues that the motion to dismiss should be denied in its entirety for failing to substantiate the applicability of the TIA, or in the alternative, because the TIA's jurisdictional exception applies in this matter because Nevada has failed to offer an efficient remedy.

During oral argument, counsel for plaintiff conceded that the parties have engaged in state administrative proceedings challenging the tax at issue and that plaintiff had requested a stay of those proceedings as a result of filing this action.

Having reviewed and considered the matter, the court finds good cause to stay discovery until this court's subject matter jurisdiction is resolved in the pending motion to dismiss. Accordingly,

**IT IS ORDERED** that:

1. A stay of discovery is imposed until decision of the pending Motion to Dismiss (ECF No. 12).
2. The parties shall have 14 days from decision of the pending motion to dismiss to meet and confer and submit a proposed amended discovery plan and scheduling order in the event the district judge determines this court has subject matter jurisdiction.

DATED this 12th day of September, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE