**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARQUE MOTOR COACH, LLC,  )
                          )
              Plaintiff,   )   Case No.: 2:18-cv-00522-GMN-PAL
  vs.                     )
                          )   **ORDER**
STATE OF NEVADA DEPARTMENT OF )
TAXATION, *et al.*,           )
                          )
              Defendants.  )
_____)

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendants William Anderson and Nevada Department of Taxation (collectively "Defendants"). Plaintiff Marque Motor Coach, LLC ("Plaintiff") filed a Response, (ECF No. 17), and Defendants filed a Reply, (ECF No. 18). For the reasons stated herein, Defendants' Motion to Dismiss is **DENIED without prejudice**.

**I.     BACKGROUND**

This case arises out of Plaintiff's constitutional and statutory challenges to Nevada's "tax" on certain common carriers. (*See* Compl. ¶¶ 23–45). Specifically, the case pertains to Nevada's Assembly Bill 175 ("AB 175"), otherwise referred to as the Passenger Excise Tax ("Excise Tax"). (*Id.* ¶ 7). The bill, which was later codified as NRS 372B, charges covered "taxpayers" an excise tax of three-percent on all transportation fares. (*Id.*). For the purpose of NRS 372B, "taxpayer" means transportation network companies, common carriers of passengers, and taxicabs. (*Id.* ¶¶ 7–9). As a charter bus operator, Plaintiff is considered a common carrier of passengers in Nevada and therefore subject to the Excise Tax. (*Id.* ¶¶ 9, 12).

On March 22, 2018, Plaintiff initiated the instant action seeking declaratory and injunctive relief against Defendants. (*Id.* ¶¶ 46–49). According to Plaintiff, NRS 372B violates the Federal Aviation Administration Authorization Act under 49 U.S.C. § 14501 and the

Dormant Commerce Clause of the United States Constitution. (*Id.*). Defendants move to dismiss the case for lack of subject matter jurisdiction.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be a "facial" challenge or it may be a "factual" challenge. *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Alternatively, "[a] factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When a factual challenge is asserted, the Court need not presume the truthfulness of the allegations in the complaint. *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

## III.  **DISCUSSION**

In the instant Motion, Defendants challenge the Court's subject matter jurisdiction pursuant to the Tax Injunction Act ("TIA"). (Defs.' MTD 3:8–11, ECF No. 12). The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection

of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  As noted by the Supreme Court, the TIA "shields state tax collections from federal-court restraints." *Hibbs. v. Winn,* 542 U.S. 88, 104 (2004); *see also May Trucking Co. v. Oregon Dep't of Transp.,* 388 F.3d 1261, 1266 (9th Cir. 2004) ("The Act is first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.") (internal quotations omitted).  In analyzing jurisdiction under the TIA, the Court must make the following determinations: (1) whether the case involves a "tax" within the meaning of the TIA; (2) whether the case seeks to enjoin, suspend or restrain the assessment, levy or collection of that tax; and (3) whether a plain, speedy, and efficient remedy exists in the state. *See Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1129 (2015); *May Trucking Co.,* 388 F.3d at 1270.

Here, Defendants argue that Plaintiff's Complaint facially falls under the TIA because Plaintiff does not plead a lack of "plain, speedy and efficient remedy under Nevada law." (Defs.' MTD 3:11–13).  In Response, Plaintiff asserts that Defendants have failed to first establish whether the Excise Tax constitutes a "tax" within the meaning of the TIA. (Resp. 4:3–6, ECF No. 17).  According to Plaintiffs, the Excise Tax qualifies as a "fee" and therefore is not subject to the jurisdictional bar. (*See id*. 6:19–20).  Defendants assert that this argument is irrelevant to their facial challenge to jurisdiction because Plaintiff explicitly refers to the three-percent assessment as a tax in the Complaint, and this allegation must be taken as true in a facial challenge. (*See* Reply 5:10–15, ECF No. 18).

Although Defendants are correct that Plaintiff repeatedly refers to the three-percent assessment as a "tax" in the Complaint, the relevant inquiry for the purpose of jurisdiction is whether the assessment constitutes a tax as a matter of federal law. *See Wright v. Riveland,* 219 F.3d 905, 911 (9th Cir. 2000); *Cabral v. Caesars Entm't Corp.*, No. 2:17–CV–02841–APG–VCF, 2018 WL 2943437, at *3 (D. Nev. June 11, 2018).  The particular phrasing in the

Complaint therefore does not give legal effect to whether the Excise Tax meets this criterion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

The Ninth Circuit has held that three factors inform whether a municipal fee constitutes a tax for the purposes of the TIA: (1) the entity imposing the assessment; (2) the parties to whom the assessment is imposed; and (3) the ultimate use of the collected assessment. *See Bidart Bros. v. California Apple Comm'n,* 73 F.3d 925, 931 (9th Cir. 1996).  Here, the Complaint does not detail the manner in which Nevada uses the money collected through NRS 372B.[1]  The Court therefore cannot determine that the TIA facially applies to this action.

Notwithstanding the above, the Court recognizes that serious questions remain as to the Court's jurisdiction over this matter.  Accordingly, and pursuant to the Court's continuing duty to assess its own jurisdiction, the Court grants Defendants twenty-one (21) days to file a renewed Motion to Dismiss that more completely addresses the TIA's applicability to this action.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 12), is **DENIED without prejudice**.  Defendants shall file a renewed Motion to Dismiss within twenty-one (21) days.

**DATED** this __15__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Defendants minimally address the "ultimate use" factor for the first time in their Reply.  As Plaintiff did not have an opportunity to respond to Defendants' new arguments, the Court declines to consider them in this Order. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (stating that district courts need not consider arguments raised for the first time in a reply brief).